FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR - 5 2023

BY
DEPUTY_____

IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:23-CR-39 |
| | § | Judge Truncale |
| CEBE ISSAC GUILBEAUX | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

> Violation: 21 U.S.C. § 841
> Possession with Intent to Distribute
> a Controlled Substance:
> methamphetamine (actual)

That on or about October 19, 2022, in the Eastern District of Texas, **Cebe Issac Guilbeaux**, defendant, did knowingly and intentionally possess with intent to distribute 50 grams or more of a Schedule II controlled substance, namely: methamphetamine (actual).

In violation of 21 U.S.C. § 841(a)(1).

### Count Two

> Violation: 18 U.S.C. § 924(c)
> Possessing a Firearm in
> Furtherance of a Drug Trafficking
> Crime

On or about October 19, 2022, in the Eastern District of Texas, **Cebe Issac Guilbeaux**, defendant, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit:

possession with intent to distribute 50 grams or more of a Schedule II controlled substance, namely: methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1), as set forth in Count One of this indictment.

In violation of 18 U.S.C. § 924(c).

## Count Three

Violation: 18 U.S.C. § 922(g)(1)
Possession of a Firearm by a Prohibited Person

On or about October 19, 2022, in the Eastern District of Texas, **Cebe Issac Guilbeaux**, defendant, did knowingly and unlawfully possess in and affecting interstate or foreign commerce, a firearm, to wit: a Kel-Tec, model P-3AT, .380 Caliber, semi-automatic pistol, with an obliterated serial number, while knowing that he had been convicted of a crime or crimes punishable by imprisonment for a term exceeding one year.

In violation of 18 U.S.C. § 922(g)(1).

## Count Four

Violation: 18 U.S.C. § 922(g)(1)
Possession of a Firearm (destructive device) by a Prohibited Person

On or about October 19, 2022, in the Eastern District of Texas, **Cebe Issac Guilbeaux**, defendant, did knowingly and unlawfully possess in and affecting interstate or foreign commerce, a firearm (destructive device), to wit: two (2) riot control grenades, continuous discharge, No. 3 CS gas, while knowing that he had been convicted of a crime or crimes punishable by imprisonment for a term exceeding one year.

Indictment – Page 2

In violation of 18 U.S.C. § 922(g)(1).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Criminal Forfeiture Pursuant to 21 U.S.C. § 853

1. The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Upon conviction of the controlled substance offense alleged in Count One of the Indictment, the defendant, Cebe Issac Guilbeaux, shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

**MONEY JUDGMENT**

 i. A sum of money equal to **one thousand, one hundred and thirty-eight dollars ($1,138)** in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, possession with intent to distribute 50 grams or more of a Schedule II controlled substance, to wit: methamphetamine (actual).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be divided without difficulty.

Indictment – Page 3

3. It is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

4. By virtue of the commission of the felony offenses charged in this indictment by the Defendant, any and all interest the defendant has in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

<u>Firearms Forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)</u>

1. As the result of committing the felony offense in violations of 18 U.S.C. § 924(c) alleged in Count Two of this indictment, and violations of 18 U.S.C. § 922(g) as set forth in Counts Three and Four of this indictment, Cebe Issac Guilbeaux, defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), all firearms, destructive devices, and ammunition involved in the offenses, including but not limited to the following:

   a. a Kel-Tec, model P-3AT, .380 Caliber, semi-automatic pistol, with an obliterated serial number; and
   b. two (2) riot control grenades, continuous discharge, No. 3 CS gas.

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
UNITED STATES ATTORNEY

_____
JONATHAN C. LEE
Assistant United States Attorney

April 5, 2023
Date

Indictment – Page 4

IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 1:23-CR 39 |
| | § | Judge |
| CEBE ISSAC GUILBEAUX | § | |

## NOTICE OF PENALTY

### Count One

Violation:      21 U.S.C. § 841(a)(1)

Penalty:      If 50 grams or more of methamphetamine (actual) – imprisonment for not less than ten (10) years nor more than life, a fine not to exceed $10,000,000.00, or both imprisonment and a fine, and a term of supervised release of not less than five (5) years;

Special Assessment: $ 100.00

### Count Two

Violation:      18 U.S.C. § 924(c)

Penalty:      Imprisonment of not less than five (5) years or more than life, unless the firearm is brandished, in which case the minimum is seven (7) years, or unless the firearm is discharged, in which case the minimum sentence is ten (10) years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both imprisonment and a fine; and supervised release of not more than five (5) years.

In the case of a second or subsequent conviction, imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

If the firearm possessed is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, then imprisonment of not less than 30 years, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years

Special Assessment: $100.00

## Count Three and Four

Violation: 18 U.S.C. § 922(g)(1)

Penalty: Imprisonment of not more than fifteen (15) years; a fine not to exceed $250,000.00, or twice the pecuniary gain to the defendant or loss to the victim; or both imprisonment and a fine; and a term of supervised release of not more than three (3) years.

Special Assessment: $100.00