IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:23CR39 |
| v. | § | Judge: Michael J. Truncale |
| | § | |
| CEBE ISSAC GUILBEAUX | § | |

**FACTUAL BASIS**

TO THE HONERABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the undersigned

Assistant United States Attorney in and for the Eastern District of Texas, joined by **Cebe**

**Issac Guilbeaux**, defendant, and his counsel, **Bryan S. Laine**, and presents this factual

basis in support of the defendant's plea of guilty to Counts One, Three, and Four of the

~~First superceding~~ indictment filed herein, and, in support thereof, would show the following:

C.C. ~~RFD~~
B. L

     a.    That defendant, Cebe Issac Guilbeaux, stipulates and agrees to the truth of

all matters set forth in this factual basis, and agrees that such admission

may be used by the Court in support of his pleas of guilty to Count One of

~~First superceding~~ PFD D. L. C. G.
the indictment, alleging a violation of 21 U.S.C. § 841, Possession with

Intent to Distribute 50 grams or more of a Schedule II Controlled

Substance: methamphetamine (actual); Count Three of the indictment,

alleging a violation of 18 U.S.C. § 922(g)(1), Possession of a Firearm by a

Prohibited Person; and Count Four of the indictment, alleging a violation of

18 U.S.C. § 922(g)(1), Possession of a Firearm (destructive device) by a
Prohibited Person.

b.    That the defendant, Cebe Issac Guilbeaux, who is pleading guilty to such
charges, is one and the same person charged in Counts One, Three, and
Four of the indictment.

c.    That the events described in the indictment occurred in the Eastern District
of Texas.

d.    That had this matter proceeded to trial, the government, through the
testimony of witnesses, including expert witnesses, and through admissible
exhibits, would have proven, beyond a reasonable doubt, each and every
essential element of the offenses alleged in Counts One, Three, and Four of
the indictment; specifically, the government would have proven the
following stipulated facts:

a) Cebe Issac GUILBEAUX ("GUILBEAUX") is a known member of the
Aryan Brotherhood of Texas gang.

b) On October 19, 2022, he confessed to purchasing and possessing 56 grams
of methamphetamine, purchasing and possessing a firearm with a removed
serial number; and purchasing and possessing CS gas, commonly known as
'tear gas'.

c) On October 19, 2022, the Orange Police Department (OPD) tracked
GUILBEAUX's vehicle as it traveled from Orange, Texas to Liberty,
Texas. The OPD had information that GUILBEAUX would be purchasing
narcotics in Liberty, Texas. The OPD followed and observed
GUILBEAUX from Orange, Texas to Liberty, Texas where a hand-to-hand
narcotics transaction between GUILBEAUX and another member of the
Aryan Brotherhood of Texas gang was conducted.

d) The OPD continued to follow GUILBEAUX after that transaction and executed a lawful traffic stop on GUILBEAUX's vehicle.

e) During the traffic stop, officers immediately observed GUILBEAUX to be wearing a large knife on his side and asked that he step out of the vehicle. The OPD asked GUILBEAUX if they could search his vehicle, to which he consented.

f) Almost immediately, the OPD discovered two live CS gas canisters (tear gas) within GUILBEAUX's center console. Officers also discovered multiple sets of handcuffs, several knives, night vision goggles, brass knuckles, a baton, and multiple sickles within GUILBEAUX's vehicle.

g) The search continued to the front of the vehicle where the OPD began searching under the hood cover of the engine. Immediately upon opening the hood, law enforcement observed a large bag of crystal methamphetamine and a Kel-Tec pistol, side by side. The OPD found a magnetic box attached to the underside of the truck that contained multiple baggies and more crystal methamphetamine.

h) The DEA South Central Laboratory, in Dallas, Texas, determined that the substance recovered from GUILBEAUX was 56.9 grams of pure Methamphetamine Hydrochloride (methamphetamine actual).

i) GUILBEAUX stated that he had purchased the methamphetamine on the night of his arrest in Liberty, Texas. He further stated that he had received the CS cannisters from an individual in Beaumont, Texas and had possessed the firearm for more than a year and a half, having purchased it approximately one and a half years prior to the night of his arrest.

j) GUILBEAUX is a convicted felon, having been convicted of multiple felony offenses as an adult. GUILBEAUX has been convicted of the following offenses: Arson, a 2nd Degree Felony, on October 30, 2000; Burglary of a Building, a State Jail Felony, on January 16, 2004; five (5) separate counts of Burglary of a Habitation, a 2nd Degree Felony, on April 6, 2004; Burglary, a State Jail Felony, on April 6, 2004; and Felony Theft, a State Jail Felony, on April 4, 2014.

k) The semi-automatic pistol that was recovered from GUILBEAUX was a firearm described as a Kel-Tec, model P-3AT, .380 caliber, semi-automatic

pistol, with an obliterated serial number. An examination of that firearm was conducted by ATF Special Agent Jason S. Quijano who determined that the firearm had been manufactured in Cocoa, Florida. Therefore, having been recovered in Orange, Texas, the firearm had traveled in interstate commerce.

l)  The riot control grenades (otherwise known as CS Cannisters) that were recovered from GUILBEAUX were firearms described as riot control grenades with continuous discharge of CS gas. The grenade bodies and fuses were manufactured in Casper, Wyoming. Therefore, having been recovered in Orange, Texas, the firearms had traveled in interstate commerce.

m) GUILBEAUX admits that, on October 19, 2022, he knowingly possessed more than fifty (50) grams of methamphetamine (actual) with the intent to distribute it.

n)  GUILBEAUX admits that he knew, on October 19, 2022, that he was prohibited from possessing a firearm as a convicted felon.   He further admits that he knowingly possessed a Kel-Tec, model P-3AT, .380 caliber, semi-automatic pistol, with an obliterated serial number; and riot control grenades with continuous discharge of CS gas; and that all of those firearms are subject to forfeiture.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

I have read this factual basis and the superseding indictment, or have had them read to me, and have discussed them with my attorney.   I fully understand the contents of this factual basis and agree without reservation that it accurately describes the events and my acts.

Dated: *1-11-2024*

CEBE ISSAC GUILBEAUX
Defendant

CEBE ISSAC GUILBEAUX - FACTUAL STATEMENT
PAGE - 4

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

I have read this factual basis and the superseding indictment, and have reviewed

them with my client, **CEBE ISSAC GUILBEAUX**.   Based upon my discussions with

**CEBE ISSAC GUILBEAUX**, I am satisfied that he understands the factual basis as well

as the superseding indictment, and is knowingly and voluntarily agreeing to these

stipulated facts.

Dated:   1-11-24

BRYAN S. LAINE
Attorney for the Defendant

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

Dated:   2/5/24

for
JONATHAN C. LEE
Assistant United States Attorney
Kentucky Bar No. 93633
550 Fannin Street, Suite 1250
Beaumont, Texas 77701-2237
(409) 839-2538
(409) 839-2550 (fax)
Jonathan.lee4@usdoj.gov